# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

BANK OF AMERICA, N.A.,

    Plaintiff,

           v.

DEMETRIOUS SMITH, et al.,

    Defendants.

Case No. 1:16-cv-1156

Dlott, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

The above captioned case was removed to this Court by two *pro se* Defendants, Demetrious Smith and Amy K. Smith.  The undersigned takes judicial notice of the fact that these same two individuals have appeared frequently in this Court in related matters.[1]

By separate order issued this date, Defendant Amy Smith has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915.[2]  This matter is now before the Court for a *sua sponte* review of the Defendants' "Notice of Removal," which has been construed as a petition for removal of a state court action to this federal court, to determine whether the Court has jurisdiction over this matter.  *See* 28 U.S.C. § 1915(e)(2)(B), Fed. R. Civ. P. 12(h)(3).

The current removal petition reflects that Defendants were named in a foreclosure action initiated in the Hamilton County, Ohio Court of Common Pleas.  That state court

---

[1] A number of the prior cases are related to each other, and at least one is related to the instant litigation. *See, e.g., ABN AMRO Mortgage Group Inc. v. Smith*, Case No 1:05-mc-103; *Smith v. ABN AMRO Mortgage Group Inc.*, Case No. 1:05-mc-107; *ABN AMRO Mortgage Group Inc. v. Smith*, Case No. 1:05-mc-108; *Chase Manhattan Mortgage Corp v. Smith*, Case No. 1:05-mc-109; *Smith v. ABN AMRO Mortgage Group Inc.*, Case No. 1:05-mc-114; *ABN AMRO Mortgage Group Inc. v. Smith*, Case No. 1:06-cv-36; *ABN AMRO Mortgage Group Inc. v. Smith*, Case No. 1:06-cv-37; *Chase Manhattan Mortgage Corp v. Smith*, 1:06-cv-38; *Smith v. ABN AMRO Mortgage Group Inc.*, Case No. 1:06-cv-45; *Smith v. United States of America*, Case No. 1:08-cv-408; *Bank of America v. Smith*, Case No. 1:13-cv-598.

[2] Only Defendant Amy K. Smith completed an application seeking to file *in forma pauperis*.

lawsuit, Case Number A1605443, was filed on September 29, 2016. On October 28, 2016, state court records reflect that the Smiths filed a motion to dismiss the complaint against them, or in the alternative, to remove the case to another venue. On October 30, 2016, the Smiths filed an amended version of the same motion, to which the Bank of America filed a response. While that motion was pending, on December 19, 2016, the Smiths filed a "Notice of Removal" to this Court. Removal to federal court by the two *pro se* Defendants appears to have been improperly attempted for the sole purpose of preventing the state foreclosure from proceeding.

The removal statute, 28 U.S.C. § 1441, provides in relevant part: "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). In other words, "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Defendants carry the burden of showing that removal is proper and that this Court has original jurisdiction. *See Village of Oakwood v. State Bank and Trust Co.*, 539 F.3d 373, 377 (6th Cir. 2008). Where jurisdiction is in doubt, the matter should be remanded to state court. *See Brierly v. Alusuisse Flexible Packaging, Inc.,* 184 F.3d 527, 534 (6th Cir. 1999).

There is absolutely no basis for federal jurisdiction in this case. The state court complaint attached to the notice of removal does not show that this case arises under the Constitution or laws of the United States, as would provide jurisdiction under 28 U.S.C. § 1331. Under the "well-pleaded complaint" rule, a plaintiff is master of his claim and may

2

avoid federal removal jurisdiction by exclusive reliance on state law, as Plaintiff has done in this case. The assertion of any federal defense by Defendants to the state court foreclosure action is insufficient to support removal jurisdiction. *See See Caterpillar Inc. v. Williams,* 482 U.S. at at 393; *Federal Nat. Mortg. Ass'n v. LeCrone*, 868 F.2d 190, 194 (1989) (foreclosure of mortgage under state law raises no federal issue, plaintiff's "reliance upon federal regulations in his defense notwithstanding."). Other than Defendants' defenses, the complaint relies exclusively on state law remedies and does not implicate any federal laws. Published Sixth Circuit case law involving these same Defendants, as well as a multitude of unpublished cases, universally hold that removal of a foreclosure action from state court to federal court is improper and "devoid of even fair support." *See, e.g., Chase Manhattan Mortg. Corp. v. Smith*, 507 F.2d 910, 913 (6th Cir. 2007).

In *Bank of America, N.A. v. Smith*, Case No. 1:13-cv-598, the same two Defendants filed a similar *pro se* notice of removal, seeking to remove a previously filed mortgage foreclosure action by the Bank of America concerning the same property. In the 2013 case, the Court explained why jurisdiction for removal did not exist, either on the basis of diversity of citizenship or on the basis of federal question jurisdiction. (Doc. 14, R&R filed 9/10/13, adopted on 10/3/13). Ignoring the Court's ruling, Defendants now present the same grounds for removal of the instant case. In Case No. 1:13-cv-598, this Court also pointed out that Mr. and Mrs. Smith previously had been sanctioned for yet another improper removal of a foreclosure action, which sanction the Sixth Circuit affirmed in a published decision. *See Chase Manhattan Mortgage Corp v. Smith*, *supra*.

State court records reflect that after remand of Case No. 1:13-cv-598 back to state court, on June 4, 2014, the state court initially granted summary judgment to the Bank of

3

America on the foreclosure, directing a Sheriff's sale of the property. After the Smiths filed an appeal, state court records reflect that the parties consummated a settlement. Pursuant to that settlement, on May 11, 2015, the state court granted Plaintiff's Motion to Vacate Judgement and Decree of Foreclosure and dismissed the litigation without prejudice. Presumably, the current foreclosure action concerning the same property reflects a new default. Indeed, an "Affidavit" attached to the current Notice of Removal refers to the prior state foreclosure case, Case A1206648, and admits that "to stop being attacked we agreed to a [loan] modification that sounded good at first….[and] paid the trial modification" prior to apparently discontinuing mortgage loan payments. (PageID 22)

Regardless of the reasons for the filing of a new foreclosure complaint by Bank of America concerning the same property, there clearly is no new basis for federal jurisdiction that would permit removal of this case. Additionally, it is abundantly clear that Defendants were well aware of that fact when they filed their improper removal "Notice." *See generally*; *Nationstar Mortgage, LLC v. Blakney*, Case No. 1:16-cv-304, 2016 WL 1658704 (R&R Feb. 17, 2016), adopted at 2016 WL 1690699 (S.D. Ohio April 26, 2016); *Deutsche Bank Nat'l Trust Co. v. Montgomery*, Case No. 1:13-cv-367-MRB, 2014 WL 5460546 (S.D. Ohio Oct. 27, 2014) (remanding improperly removed foreclosure action); *Citigroup Global Markets Realty Corp. v. Brown*, Case No. 2-13-cv-1232, 2014 WL 4748615 at *6 (S.D. Ohio, Sept. 23, 2014) ("The claims in a foreclosure action do not depend on the validity, construction, or effect of a federal law."); *Citimortgage v. Nyamusevya*, Case No. 2:13-cv-680, 2014 WL 1217971 (S.D. Ohio, March 21, 2014)(no federal jurisdiction over state foreclosure action); *PNC Bank, N.A. v. Cook*, Case No. 1:12-cv-930-MRB, 2013 WL 97983 (S.D. Ohio Jan. 8, 2013)(R&R holding same, adopted by Barrett, J.); *Bank v. America v. Davidson*, Case No. 1:12-cv-26-SJD, 2012

4

WL 404870 (S.D. Ohio Jan. 20, 2012)(same); *JPMorgan Chase Bank, N.A. v. Canyon*, Case No. 1:10-cv-894-MRB, 2010 WL 7199515 (S.D. Ohio Dec. 29, 2010).

Based upon the Defendants' improper conduct in filing yet another frivolous Notice of Removal, the undersigned recommends the imposition of a monetary sanction against the Defendants. Both published and unpublished case law (including the referenced Sixth Circuit case against the same Defendants) confirms that a monetary sanction may be appropriate against even a *pro se* Defendant who proceeds *in forma pauperis*, when removal is based on such frivolous grounds as those asserted here. Based upon the Defendants' conduct in repeatedly citing the same frivolous grounds for improper removal in multiple cases, sanctions are recommended. *See, e.g., Chase Manhattan Mortg. Corp. v. Smith*, 910 F.2d 910 (6th Cir. 2007) (imposing costs and fees in the amount of $6513.16 despite grant of *in forma pauperis* status in federal court, and fact defendants had filed for bankruptcy); *see also 3W International, Inc. v. Scottdel, Inc.*, 722 F. Supp.2d 934 (N.D. Ohio 2010) (awarding fees where attorney had no improper purpose and believed in good faith that removal was proper, because removal was still objectively unreasonable); *Countrywide Home Loans, Inc. v. Bartmasser*, Case No. 2:08-cv-805, 2009 WL 4678840 (S.D. Ohio Oct. 22, 2008) (directing plaintiff to file a motion for fees accompanied by an itemized accounting of fees and costs incurred in connection with the motion of remand, in light of lack of "objectively reasonable basis" and "clear prohibition" of removal of mortgage foreclosure case); *Federal Nat. Mortg. Ass'n v. Jaa*, 2014 WL 1910898 at *9 (W.D. Tenn. May 13, 2014) (awarding reasonable attorney's fees against *pro se* defendant proceeding *in forma pauperis* who improperly removed foreclosure-related case, noting that "[t]he court can only surmise that [defendant's] removal is intended to delay the state court proceedings."); *PNC Bank, N.A.*

*v. Spencer*, 763 F.3d 650 (7th Cir. 2014) (affirming award of costs and attorney fees to mortgagee for improper removal of mortgagee's foreclosure action, including expense of defending that award on appeal).

In another recent case, this Court imposed a $1,200.00 sanction upon *pro se* Defendants who improperly attempted to remove a foreclosure action and persisted in those frivolous arguments after the Court adopted the Report and Recommendation of the undersigned by filing a "motion for reconsideration." *See Deutsche Bank Nat'l Trust Co., v. Wolf*, Case No. 1:15-cv-814 (Doc. 19, August 24, 2016). In that case, the Bank had appeared and had been prejudiced by having to defend the improperly removed case. It is true that the Bank of America has not yet appeared in this case, and thus arguably has not yet suffered damages from the improper removal. However, as a matter of judicial discretion and because the Defendants have so deliberately flouted the Court's prior rulings by repeatedly filing improper Notices of Removal in foreclosure cases, the undersigned recommends the imposition of a sanction of $400.00, equal to the ordinary filing fee for a civil action.[3]

### III. Conclusion and Recommendations

Accordingly, for these reasons, it is therefore **RECOMMENDED**:

1. Defendants' removal petition should be **DENIED** for lack of subject matter jurisdiction, and this case be **REMANDED** to the Hamilton County Court of Common Pleas. *See* 28 U.S.C. §1447(c).

2. In addition to remanding this case, the Court should require Defendants

---

[3]The recommended imposition of the ordinary filing fee is also consistent with Defendant Demetrious Smith's failure to complete an application seeking to remove this case without prepayment of the filing fee. However, even if Demetrious Smith had completed an application to proceed without payment of the requisite fee, the same sanction would be appropriate for the reasons stated herein.

6

    to pay the amount of $400.00 to the Clerk of Court as a sanction for filing a wholly frivolous petition for removal of this case;

3.   The Court should certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of this Order would not be taken in good faith and therefore deny Defendants leave to appeal *in forma pauperis*. Defendants remain free to apply to proceed *in forma pauperis* in the Court of Appeals.

               *s/ Stephanie K. Bowman*
               Stephanie K. Bowman
               United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BANK OF AMERICA, N.A.,

    Plaintiff,

          v.

DEMETRIOUS SMITH, et al.,

    Defendants.

Case No. 1:16-cv-1156

Dlott, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

8