**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

BANK OF AMERICA, N.A.,          Case No. 1:16-cv-1156

    Plaintiff,

                         Dlott, J.
    v.                           Bowman, M.J.

DEMETRIOUS SMITH, et al.,

    Defendants.

**REPORT AND RECOMMENDATION**

Notwithstanding the remand of this improperly removed case back to state court for lack of federal jurisdiction on April 21, 2017, the *pro se* Defendants have continued to file additional motions and petitions. Based on the Defendants' *pro se* status and pursuant to the custom and practice of this Court, the additional motions have been referred to the undersigned for initial consideration. I now recommend that they be denied.

**I. Background**

On December 19, 2016, the above captioned case was removed to this Court by two *pro se* Defendants, Demetrious Smith and Amy K. Smith. On December 22, 2016, the undersigned filed a Report and Recommendation (R&R) that recommended on initial screening, pursuant to 28 U.S.C. §1915(e), that this case be remanded to state court. The same R&R recommended the imposition of $400.00 as a sanction based upon the frivolous nature of the attempted removal, and the fact that the same two Defendants have appeared frequently before this Court on similar matters. The recommended imposition of only a $400.00 sanction was based partly on the fact that – at the time the December 2016 R&R was

filed - the Bank of America had not yet appeared and thus arguably had not yet suffered damages from the improper removal.

On December 29, 2016, the Bank appeared and filed a formal motion to remand. The Bank's motion to remand was arguably redundant to the prior R&R, but underscored the propriety of both remand, and the imposition of at least a minimal monetary sanction. For that reason, a Supplemental R&R was filed on January 4, 2017 that recommended granting the Bank's motion to remand as an alternative basis to the previously recommended remand. (*See* Docs. 9, 11). Over Defendants' objections, the presiding district judge adopted the recommendations of the undersigned and directed this case to be remanded to state court, with Defendants directed to pay the amount of $400.00 to the Clerk of Court as a sanction for filing their wholly frivolous petition for removal of this case. (Docs. 17, 18). There is no record of Defendants having yet complied with the Order to pay that monetary sanction.

On May 22, 2017, Defendants filed separate motions for leave to appeal the remand order *in forma pauperis*. (Docs. 19, 20). One of the two motions seeking "pauper status," signed by both Defendants, identifies issues on appeal as: "Motion for Relief from void judgment," "Recusal of Judge Susan Dlott," "Amended notice of removal and counter-claim," "Petition for writ of Mandamus (if Judge Dlott refuses to recuse)", and "Petition for Review." (Doc. 20). The affidavit accompanying that motion seeking to appeal *in forma pauperis* is signed only by Amy Smith. (Doc. 20 at 2). On the same date, the Defendants filed separate Notices of Appeal to the United States Court of Appeals for the Sixth Circuit from the April 21, 2017 Order of remand, which notices reflect that they were filed without payment of any fee. (Docs. 21, 22). Also on the same date, Defendants filed a joint "petition for review from the Judiciary Committee" that has been docketed as a miscellaneous "motion." (Doc. 23).

2

Finally, on May 26, 2017, Defendants filed an "Amended Certificate of Service" seeking to add the signature of Demetrious Smith to their "Notice of Appeal, Petition for Review, Petition for Writ of Mandamus, Motion for Recusal…." (Doc. 25).

I recommend denial of all post-remand motions filed in this Court, including but not limited to Defendants' motions to appeal without payment of fees.

**II.     Analysis**

As stated on December 22, 2016, the two Defendants "have appeared frequently in this Court in related matters." (Doc. 9 at 1, n.1, listing multiple prior cases, including at least one related to the above-captioned litigation). In the December R&R, the Court pointed out that, in keeping with prior similar litigation by the same individuals, "[r]emoval to federal court by the two *pro se* Defendants appears to have been improperly attempted for the sole purpose of preventing [a] state foreclosure from proceeding." (*Id.* at 2). In remanding to state court, this Court stated unequivocally that "[t]here is absolutely no basis for federal jurisdiction in this case." (*Id.*) The Court imposed a monetary sanction against the Defendants, despite their *pro se* and *in forma pauperis* status, because of their "improper conduct in filing yet another frivolous Notice of Removal," as well as their "conduct in repeatedly citing the same frivolous grounds for improper removal in multiple cases" filed in this Court. (Doc. 9 at 5). The Court noted:

> In *Bank of America, N.A. v. Smith*, Case No. 1:13-cv-598, the same two Defendants filed a similar pro se notice of removal, seeking to remove a previously filed mortgage foreclosure action by the Bank of America concerning the same property. In the 2013 case, the Court explained why jurisdiction for removal did not exist, either on the basis of diversity of citizenship or on the basis of federal question jurisdiction. (Doc. 14, R&R filed 9/10/13, adopted on 10/3/13). Ignoring the Court's ruling, Defendants now present the same grounds for removal of the instant case. In Case No. 1:13-cv-598, this Court also pointed out that Mr. and Mrs. Smith previously

3

had been sanctioned for yet another improper removal of a foreclosure action, which sanction the Sixth Circuit affirmed in a published decision. *See Chase Manhattan Mortgage Corp v. Smith, supra.*

(Doc. 9 at 3).

Enough is enough. At this point in time, all post-remand motions should be denied, including but not limited to the motion seeking leave to appeal *in forma pauperis*. Additionally, this Court should direct the Clerk of Court not to accept any additional fillings from the *pro se* Defendants in the above-captioned case. This Court has never had jurisdiction over the claims presented in this case, and the case has been remanded to state court. Not only is any appeal patently frivolous, but Defendants' continued attempts to file motions and other papers in this case is vexatious.

In addition to recommending that the Court prevent Defendants from filing any further documents or motions in this case, **Defendants are warned in the strongest possible terms that they may be subjected to future non-monetary sanctions, as well as additional monetary sanctions, if they continue vexatious filings in this federal court in any other case, including any attempt to again improperly remove actions from state court to this federal court.**

In addition, the miscellaneous "motion" will be denied because it is nonsensical as well as frivolous. The "motion" is captioned "Petition for Review" and consists of a single sentence: Demetrious and Amy K. Smith hereby Petition this court for review from the Judiciary Committee." (Doc. 23).

Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." *See also*

4

Fed. R. App. P. 24(a). Good faith in this context is demonstrated when the party seeks appellate review of an issue that is not frivolous. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). An appeal is frivolous where the appeal lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). For the reasons stated, any attempt to further appeal this case is frivolous and is not taken in good faith.

Pursuant to Fed. R. App. P. 24(a)(4), a party may file, within thirty (30) days after service of denial of a motion to appeal in forma pauperis in the District Court, a motion with the Sixth Circuit Court of Appeals for leave to proceed as a pauper on appeal. *Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), *overruling in part Floyd v. United States Postal Service*, 105 F.3d 274 (6th Cir. 1997). Defendants' motion must include a copy of any affidavit filed in the District Court and this Court's statement as to the reasons for denying pauper status on appeal. *Id.*; see Fed. R. App. P. 24(a)(5).

In the event that the District Court adopts this R&R and denies Defendants leave to appeal *in forma pauperis*, then Defendants are notified that if they do not file a motion within thirty (30) days of receiving notice of the District Court's decision as required by Fed. R. App. P. 24(a)(5), or fail to pay the required filing fee of $455.00 within this same time period, the appeal will be dismissed for want of prosecution. *Callihan*, 178 F.3d at 804. Once dismissed for want of prosecution, the appeal will not be reinstated, even if the filing fee or motion for pauper status is subsequently tendered, unless Defendants can demonstrate that they did not receive notice of the District Court's decision within the time period prescribed for by Fed. R. App. P. 24(a)(5). *Id.*

5

### III. Conclusion and Recommendations

Accordingly**, IT IS RECOMMENDED THAT:**

1. Defendants' motions for leave to proceed *in forma pauperis* on appeal (Docs. 19 and 20) should be **DENIED;**

2. Defendants' miscellaneous "motion" or "petition for review" (Doc. 23) also should be **DENIED**;

3. To the extent the "Amended Certificate of Service" (Doc. 25) is intended to be construed as a motion to amend a prior filing, it should be **DENIED**;

4. Based upon Defendants' contumacious conduct in continuing to clog the docket <u>of this case</u> with frivolous motions and petitions filed after remand, <u>the Court should instruct the Clerk of Court to refuse any further filings in the above-captioned case,</u> with the sole exception of any timely permissible Objections to this Report and Recommendation.  If other petitions or motions are inadvertently accepted by the Clerk and filed in this case, they should be summarily denied and/or stricken from the record;

5. **Last, Defendants should be and are hereby warned in the strongest possible terms that they may be subjected to future non-monetary sanctions, as well as additional monetary sanctions, if they continue vexatious filings in this federal court in any other case, including any future attempt to again improperly remove actions from state court to this federal court.**

6

                                      *s/ Stephanie K. Bowman*
                                      Stephanie K. Bowman
                                      United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BANK OF AMERICA, N.A.,

    Plaintiff,

    v.

DEMETRIOUS SMITH, et al.,

    Defendants.

Case No. 1:16-cv-1156

Dlott, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

8